NOT DESIGNATED FOR PUBLICATION

No. 119,865

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BOBBY L. COZO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed August 30, 2019. Reversed and remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON and ATCHESON, JJ.

ATCHESON, J.: Defendant Bobby Cozo failed to report to the probation office after the Sedgwick County District Court sentenced him for two felonies and ordered his release from the jail. In a hearing on the probation violation, the district court incorrectly found Cozo to be an absconder and in doing so deviated from the holding in *State v. Huckey*, 51 Kan. App. 2d 451, 348 P.3d 997 (2015), that absconding entails subterfuge beyond simply not reporting as required. We, therefore, reverse the district court's order revoking Cozo's probation and remand for further proceedings.

1

Cozo pleaded guilty to burglary and theft, both felonies, and the district court later sentenced him to consecutive terms of imprisonment totaling 33 months on those convictions. The district court placed him on probation for 24 months. Cozo, who had been detained on those charges, was released from the county jail on December 1, 2017. Contrary to the district court's instructions at the sentencing hearing, Cozo didn't report to the probation office that day and never showed up. The district court issued a warrant for Cozo's arrest about two weeks later for failing to report as directed for probation.

Cozo was arrested on June 6, 2018, and the district court promptly issued a second warrant alleging probation violations based on Cozo's commission of new crimes. Cozo requested an evidentiary hearing on the allegations in both of the warrants. The district court continued the matter and a week later issued a third warrant alleging Cozo failed to report for probation in December 2017 and had absconded. The district court withdrew the two earlier warrants.

At an evidentiary hearing on the third warrant in July 2018, the State called the probation officer assigned to handle Cozo's intake and processing for probation the previous December. After Cozo failed to report, the probation officer testified that he obtained a telephone number Cozo had provided in the underlying criminal case. The probation officer testified he called the number on two consecutive days in early December and got a recording each time that the number was not in service. The probation officer testified that he did nothing else to contact or locate Cozo. He said he would have sent a letter to Cozo if he had found an address. The probation officer acknowledged having a copy of the presentence investigation report on Cozo; the report lists a residence address for Cozo. The State submitted no other evidence at the probation revocation hearing. Cozo did not testify or offer any evidence.

The district court found that Cozo had absconded and relied on that as the legal basis to revoke his probation and to send him to prison without imposing an intermediate sanction under K.S.A. 2018 Supp. 22-3716(c). Cozo has appealed.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). The State has to prove a violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). After a violation has been established, the decision to continue probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or wholly unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014). Cozo carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2018 Supp. 22-3716(c) generally requires a district court to impose a sanction short of revocation and incarceration for a defendant's first violation of the terms and conditions of probation. The statute, however, includes exceptions permitting a district court to bypass the lesser sanctions. Pertinent here, a district court could immediately revoke probation "[i]f the offender absconds from supervision." K.S.A. 2018 Supp. 22-3716(c)(8)(B). The statute does not define absconding.

This court filled that definitional void in *Huckey*, holding that within the probation scheme outlined in K.S.A. 2014 Supp. 22-3716, absconding entails more than simply

3

failing to report as required. 51 Kan. App. 2d at 457. Rather, the probationer must have "fled or hidden himself or deliberately acted to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d at 458. That standard reflects the well-recognized meaning of the word "abscond." Black's Law Dictionary 8 (10th ed. 2014) (definition of "abscond"); Webster's New World College Dictionary 5 (5th ed. 2016) (defining "abscond" as "[to] run away and hide, esp. in order to escape the law"). In short, a defendant's failure to report as directed for probation does not make him or her an absconder. 51 Kan. App. 2d at 455 ("[T]o show [a probationer] has absconded there must be evidence that [the probationer] did something more than fail to report.").

In considering Cozo's situation, the district court characterized *Huckey* as "obviously a defense-oriented ruling" and found it "baffling" that a person "who just doesn't report" cannot be considered an absconder. To escape *Huckey*, the district court suggested that a defendant who fails to report in the first instance has done something more than fail to report. But that rationalizing ignores both the plain meaning of the term "abscond" and our duty to apply statutes in conformity with the plain meaning of the words the Legislature has chosen to express its intent. See *State v. Keel*, 302 Kan. 560, 572, 357 P.3d 251 (2015). Although the Legislature has from time to time revised the scheme in K.S.A. 2018 Supp. 22-3716(c) for sanctioning probation violations, it has not modified the absconder exception in the four years since *Huckey* was published. Had the Legislature wanted something different, it could have amended the statute to allow a district court to revoke the probation of a defendant who fails to initially report or who fails to report for more than 30 days. But the Legislature hasn't done so.

More to the point, as a published opinion, *Huckey* is precedential authority binding on district courts. And its holding is clear: absconding requires something more than failing to report. Much as a district court may find *Huckey* disappointing, disagreeable, or even dunderheaded, that affords no license to simply disregard that holding or to contrive a distinction without a difference to distinguish it.

4

Here, the State established no more than Cozo failed to report for probation. There was no evidence Cozo fled the jurisdiction or otherwise actively sought to evade detection within the jurisdiction. To be sure, Cozo hasn't compiled a laudatory history, at least as portrayed in the record. He has racked up multiple felony and misdemeanor convictions in three states. In this case, he stole musical equipment from a local church. And while he was on bond, he failed to appear. But those circumstances do not alter the legal standards governing Cozo's probation.

The State failed to prove Cozo absconded. The evidence established a probation violation for failing to report. So the district court abused its discretion by acting outside the legal framework of K.S.A. 2018 Supp. 22-3716(c) in declaring Cozo to be an absconder and then revoking his probation and ordering him to serve his prison sentence for that reason. We, therefore, reverse the revocation of Cozo's probation. We remand with directions the district court reinstate the probation and then undertake any further proceedings that may be appropriate based on Cozo's present circumstances, including his proved violation for failing to report in December 2017.

Reversed and remanded with directions.